**SO ORDERED.**

**SIGNED this 02 day of October, 2007.**



                        /s/ Dale L. Somers
                          Dale L. Somers
               UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| ROBERT W. REATHAFORD, | CASE NO. 05-24282-13 |
| DEBTOR. | CHAPTER 13 |
| ROBERT W. REATHAFORD, | |
| PLAINTIFF, | |
| v. | ADV. NO. 07-6077 |
| COUNTRYWIDE HOME LOANS, INC., and COUNTRYWIDE HOME LOANS SERVICING, LP, | |
| DEFENDANTS. | |

**OPINION DENYING DEFENDANTS' MOTIONS TO DISMISS**

This proceeding is before the Court on the Defendants' separate, but identical, motions to dismiss on the ground the Plaintiff-Debtor lacks standing to pursue the claims he is making against them. The Defendants both appear by counsel Bradley S. Anderson. The Debtor appears by counsel Susan Bratcher. The Court has reviewed the relevant pleadings and is now ready to rule.

The Defendants own or are servicing agents for the owner of a second mortgage on the Debtor's home. The Debtor alleges that since he filed his Chapter 13 petition, the Defendants have sent him written demands for payment seeking more than is due under the note and second mortgage, and that they have harassed him with letters and telephone calls despite his bankruptcy filing. In this proceeding, he seeks damages from the Defendants for violating the automatic stay and the Fair Debt Collection Practices Act, and seeks an order directing the Defendants to assert their claims and defenses against the Debtor here so that the Court may declare who owns the note and second mortgage on his home and the amount he owes that owner. Moving for dismissal, the Defendants contend that these claims are all property of the bankruptcy estate and that only the Chapter 13 Trustee has standing to assert the claims against them. While there is some authority to support their standing argument, the Court finds much stronger authority holds that a Chapter 13 debtor has standing to pursue such claims, and will therefore deny the motions to dismiss.

**FACTS**

The Debtor filed a Chapter 13 bankruptcy petition on September 12, 2005, listing

Countrywide Home Loans as one of his creditors. He filed his schedules a month later, listing Countrywide Home Loans as a creditor with a second mortgage on his home securing a debt of about $27,700. The Debtor's Chapter 13 plan was confirmed on November 22, 2005. He was to pay a small arrearage through the plan, but make his normal payments on the second mortgage directly to the creditor. The Chapter 13 Trustee advised the Debtor's attorney to file a proof of claim for the creditor so the Trustee could pay the creditor as money became available to do so. In the proof of claim, the attorney called the creditor Countrywide Home Mortgage, but gave as its address the same Dallas post office box given for Countrywide Home Loans on the Debtor's original list of creditors and on his schedules.

In the complaint that commenced this proceeding, the Debtor alleges Defendant Countrywide Home Loans, Inc., was notified by the court clerk of the Debtor's bankruptcy filing and by the Debtor's attorney of the filing of his Chapter 13 plan. He alleges his attorney sent a letter to Countrywide Home Loans Servicing, LP, in January 2006, advising it of the Debtor's bankruptcy case. Despite these notices, he continues, the Defendants sent him written demands for payments and late fees in excess of those allowed by the note and mortgage. The Debtor contends he mistakenly paid the arrearage on his second mortgage directly to the Defendants (rather than through the Trustee as provided in his plan) and has paid everything else that is due on the note and mortgage, so he is now current on the debt.

The Debtor claims he has been forced to spend time and expenses, and incur legal

3

fees in order to determine the validity and extent of the Defendants' lien. He adds that he has been harassed by more than 43 phone calls since he filed for bankruptcy, and has been threatened with the loss of his home.

The Debtor seeks relief against the Defendants in three counts. In Count 1, he alleges the Defendants violated the automatic stay imposed by § 362(a) of the Bankruptcy Code by assessing improper charges on his loan with them, and by sending demand letters and calling him. In Count 2, he alleges the Defendants violated the Fair Debt Collection Practices Act[1] in a variety of ways: (1) unlawfully contacting him without permission from this Court; (2) failing to cease communications despite his request; (3) continually calling him before and after being told to cease, with the intent to annoy, abuse, or harass him; (4) falsely representing the amount and legal status of an alleged debt; (5) falsely representing or implying that failure to pay the amounts they were demanding could lead to the seizure or sale of the Debtor's home; (6) falsely threatening to take action they knew or should have known they could not take; and (7) failing to disclose in their initial communication with the Debtor that they were debt collectors trying to collect a debt and that any information he gave could be used for that purpose. On these counts, the Debtor asks for actual, statutory, and punitive damages, plus attorney fees. In Count 3, the Debtor asks the Court to direct the Defendants to assert their claims against him here in his bankruptcy case, and to determine which of the Defendants owns the note and

---

[1] 15 U.S.C.A. § 1692.

4

mortgage he executed and how much he owes on that obligation.

The Defendants have filed motions to dismiss, arguing the Debtor's claims against them are property of the bankruptcy estate that only the Chapter 13 Trustee has standing to pursue. The Debtor opposes the motions.

**DISCUSSION**

The Defendants cite various provisions in the Bankruptcy Code to support their argument that the Debtor cannot assert his claims against them. Although they have not cited any case law, there are a few cases that have reached the result they seek.[2] However, four circuit courts have ruled a Chapter 13 debtor does have standing to sue on claims that are property of the bankruptcy estate.[3] The Tenth Circuit has not issued a binding decision on this question, but in a recent non-binding opinion, cited those four circuit cases to support the conclusion a Chapter 13 debtor has standing to sue on behalf of the estate.[4]

In his treatise on Chapter 13 bankruptcy, Judge Keith Lundin suggests a Chapter 13 debtor's standing to pursue a cause of action that becomes property of the estate is supported by the fact that, at least until confirmation, only the debtor can use property of

---

[2] *E.g., Richardson v. United Parcel Serv.*, 195 B.R. 737, 739 (E.D. Mo. 1996).

[3] *See Crosby v. Monroe County*, 394 F.3d 1328, 1331 n. 2 (11th Cir. 2004); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-73 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998); *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1210 n. 2 (3d Cir. 1991).

[4] *Autos, Inc., v. Gowin*, 2007 WL 2269443, *3-4 (10th Cir. Aug. 9, 2007) (unpublished). *See* 10th Cir. R. 32.1(A) (unpublished decisions are not precedential, but may be cited for their persuasive authority).

5

the estate and possession of property of the estate is vested in the debtor, not in the trustee.[5] After confirmation, he adds, the terms of the plan control.[6] The order confirming the Debtor's plan in this case requires the Debtor to devote all his disposable income to the plan for at least 36 months, and to report to the Trustee any events affecting his disposable income, such as lawsuits.[7] Although the confirmation order indicates property of the estate that is not to be distributed under the plan will not revest in the Debtor until discharge or dismissal,[8] nothing in that order vests any property of the estate in the Trustee. Consequently, the Debtor, not the Trustee, is still entitled to use and possess property of the estate like the claims he is asserting in this proceeding.

**CONCLUSION**

Based on these authorities, the Court concludes the Debtor has standing to pursue the claims he is making against the Defendants in this case. The Defendants' motions to dismiss are hereby denied.

As provided by Federal Rule of Bankruptcy Procedure 7012(a), the Defendants' answers are due within 10 days after notice of this opinion is sent to them.

# # #

---

[5] 1 Keith M. Lundin, *Chapter 13 Bankruptcy, 3d ed.*, § 47.7 at pp. 47-22 to -23 (2006).

[6] *Id*.

[7] *See* ¶4 of Order Confirming Chapter 13 Plan, Docket No. 18 in Case No. 05-242282-13 (filed Nov. 22, 2005).

[8] *Id*. at ¶ 10.